question of the validity of plaintiff's title and holding it to be good, proceeded as follows:

"But is it a marketable title, such a one as a court of equity will pronounce not only apparently good, but free from all reasonable doubt? We have already said that a title is regarded as doubtful when its condition invites litigation. A purchaser will not be compelled to take it if thereby he becomes exposed to a lawsuit. Now, it is impossible for us, sitting in equity, to overlook the fact that there is an outstanding paper title which is older than that of the complainant, and which, if not the better, must yield to the complainant's only because he was a bona fide purchaser without notice of it. The validity of this title depends upon the question whether he had notice of the conveyance to Elizabeth C. Jones when he bought. That is a question of fact resting entirely in parol. Constructive notice, by the record of her deed, he had not, nor did any possession which she had impose upon him the duty of inquiry. Yet he may have had actual notice. It is true, there is no evidence of this on record. But the only person interested in producing such evidence is not a party to the suit, and cannot be made such. No decree of ours, in this case, will bar her or prevent her from calling witnesses in any ejectment she may bring, to show that the purchaser at the sheriff's sale was informed of her title before the lot was struck off to him. The value of the title which the complainant offers to the defendant depends, then, upon extrinsic circumstances which this court cannot investigate, and upon which it can pronounce no binding decree. It is doubtful; what courts of equity regard as unmarketable; such a title as a purchaser will not be compelled to take. To use language taken from Bumberger v. Clippinger, 5 Watts & S. (Pa.) 311, it cannot be warranted to him, and therefore specific performance of his contract will not be decreed."

Judgment for the defendant, dismissing the bill, was accordingly affirmed.

The language quoted seems to me correctly to state the law, and to be applicable to the case at bar. If Abraham v. Mayer, 7 Misc. Rep. 250, 27 N. Y. Supp. 264, is an authority to the contrary, it is not binding on this court, and should not, I think, be followed.

[2] It is true that here the action is by the vendee, and the defendant does not ask for specific performance, but for a dismissal of the complaint; but the test of marketability is whether the court would, in an action by the vendor, compel the vendee to accept the title. The title being unmarketable, plaintiffs were justified in rejecting it; and, as specific performance cannot be decreed, they are entitled to recover the amount of their deposit and the reasonable expenses of searching title.

Judgment for plaintiff for $350, with the taxable costs and disbursements of this action.

---

### BERLINER v. KUTTNER.

(Supreme Court, Appellate Term, Second Department.    May 1, 1914.)

EXECUTION (§ 404*)—SUPPLEMENTARY PROCEEDINGS—RECEIVERS.

A receiver in supplementary proceedings may not sue, either under Code Civ. Proc. § 2468, defining the title of such receiver, or under Personal Property Law (Consol. Laws, c. 41) § 19, defining the powers of receivers, for the conversion of chattels mortgaged by the judgment debtor to de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant with intent to defraud creditors; but the remedy is by execution or by appeal to equity to remove the fraudulent conveyance.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1160–1191; Dec. Dig. § 404.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Edward Berliner, as receiver of the property of Barney Hecht, for the benefit of Michael Garlick and Adolph Danziger, against Marcus Kuttner. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed on the merits.

Argued before MADDOX, BLACKMAR, and KELBY, JJ.

Miller & Stein, of Brooklyn (Isaac Miller, of Brooklyn, of counsel), for appellant.

Max H. Newman, of Brooklyn, for respondent.

BLACKMAR, J. We gather from the meager record that this action was brought by plaintiff, as receiver in supplementary proceedings, to recover from the defendant damages for the conversion of chattels taken by the defendant from the judgment debtor under a chattel mortgage which was fraudulent and void as to creditors. The judgment was for plaintiff, and, from the judgment and an order denying a motion to set aside the verdict and for a new trial, defendant appeals.

Such an action cannot be maintained. A receiver in supplementary proceedings takes title to the personal property of the judgment debtor as of the time of filing the order appointing him. Section 2468 of the Code of Civil Procedure. By virtue of plaintiff's appointment, he obtained no greater or other title than the judgment debtor then had. But the chattel mortgage was valid as against the mortgagor and void only as to creditors. It follows that no title to the chattels passed to the receiver from the judgment debtor, who was the mortgagor, for as against him the mortgage was good. As the defendant took the chattels under a mortgage valid as to the mortgagor, the mortgagor could not maintain an action for conversion, nor could a receiver derive a right to maintain such action from a judgment debtor who did not possess it.

A fraudulent chattel mortgage is void as against creditors of the mortgagor (section 35, Personal Property Law), and a receiver in supplementary proceedings, in addition to the property of the judgment debtor, takes such rights as the creditor at whose suit he was appointed has. As to such creditor, chattels fraudulently conveyed still remain the property of the judgment debtor; but a judgment creditor has no title to the property of the judgment debtor. He has a right only to the satisfaction of his judgment from such property, which he may secure by execution. If therefore the mortgage is void as to the creditor, his only remedy is in his execution, or he may appeal to a court of equity to clear away the obstruction of fraudulent conveyances. A judgment creditor cannot sue for conversion of the property of a judgment debtor, neither can he confer that right on a receiver in supplementary proceedings.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As the receiver does not obtain the right to maintain such action from either the judgment creditor or judgment debtor, no more is it conferred on him by chapter 314 of the Laws of 1858, now section 19 of the Personal Property Law. The word "receiver" in that law does not include a receiver in supplementary proceedings. Under the doctrine noscitur a sociis, the "receivers" mentioned in that act are those who represent not only the judgment debtor, but all creditors sharing equally; but a receiver in supplementary proceedings represents only the judgment debtor and the creditor at whose suit he is appointed. He does not represent other creditors.

The conclusion is that a receiver in supplementary proceedings cannot maintain an action for the conversion of chattels conveyed by the judgment debtor to the defendant with intent to defraud his creditors. Stephens v. Meriden Britannia Co., 160 N. Y. 178, 54 N. E. 781, 73 Am. St. Rep. 678.

The judgment is reversed, and the complaint dismissed on the merits, with appropriate costs in the court below and costs of the appeal to the appellant. All concur.